1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FELIPE POLANCO DIAZ,                     No. 2:21-cv-0916 KJN P

12                  Plaintiff,

13        v.                                  ORDER

14   JEFF LYNCH, et al.,

15                  Defendants.

16

17   Introduction

18        Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19   § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis is granted.[1]

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

24   §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   _____

27   [1]  Plaintiff appended a motion seeking the court's intervention in obtaining the documents
     necessary to support his request to proceed in forma pauperis.  (ECF No. 1 at 12-15.)  However,
28   because the court received the necessary documents and granted plaintiff's request, the motion is
     denied as moot.

1    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2    forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

3    of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

4    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

5    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

6    § 1915(b)(2).

7    Screening Standards

8         The court is required to screen complaints brought by prisoners seeking relief against a

9    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

10   court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

11   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

12   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

16   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

20   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

21   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

22   1227.

23        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

24   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

25   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

26   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

27   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

28   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

1    sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

2    However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

3    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

4    Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

5    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

6    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

7    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

8    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

9    Plaintiff's Complaint

10          Plaintiff alleges that he was falsely accused of indecent exposure resulting in his loss of

11   time credits.[2]  In his first claim, labeled "Due Process," plaintiff alleges the violation of the First

12   Amendment redress of grievances based on the false charges; Double Jeopardy in violation of the

13   Fifth Amendment, based on defendant Torcedo charging plaintiff for threatening staff and I.E.X.;

14   Sixth Amendment right to "impartial jury, compulsory process in favor," and Fourteenth

15   Amendment due process rights to unbiased hearing officer due to Torcedo's "staff acquaintances

16   and well-known relations to high officials," and video footage and inmate witnesses were

17   ignored.  (ECF No. 1 at 5.)  In his second claim, "Libelous Charges," plaintiff alleges Fifth

18   Amendment violation of oath and affirmation by Torcedo's false charges against plaintiff; and

19   Ninth Amendment based on Torcedo's abuse of power and libelous report.  (ECF No. 1 at 5-6.)

20   (ECF No 1 at 6.)  In his third claim as to defendant Torcedo, "deliberate corruption," plaintiff lists

21   various constitutional violations based on the violation of plaintiff's right to free speech under the

22   First Amendment; the right to be secure in his person, housing and papers in violation of the

23   Fourth Amendment; subjected to double jeopardy in violation of the Fifth Amendment; failure to

24   provide an impartial jury in violation of the Sixth Amendment; violation of his right not to be

25   disparaged by others in violation of the Ninth Amendment; and deprivation of life, liberty and

26   property, including use of the toilet, in violation of the fourteenth Amendment.  (ECF No. 1 at 7.)

27

28   [2]  Plaintiff refers to the charge as "I.E.X."  He provided a copy of the first page of the rules
     violation report confirming he was charged with indecent exposure.  (ECF No. 1 at 26.)

1  Plaintiff further alleges that defendants Crisostomo, Nackord, Shroeder, and Lynch "participated

2  and orchestrated the guilty charade."  (ECF No. 1 at 8.)  Plaintiff alleges that defendant

3  Crisostomo "rubber stamped" a mental health report that was tainted, stating plaintiff had no

4  mental health issues, was not on medication, and was in perfect mental condition.  (Id.)

5  Defendant Lt. Nackord was the hearing official who denied plaintiff due process by not reviewing

6  defense evidence and finding plaintiff guilty as charged.  Defendant Sgt. Shroeder was the

7  investigative employee who violated "due process and impartial witnessing," "deliberately

8  abusing his authority with corruption."  (ECF No. 1 at 8.)  Warden Jeff Lynch allowed his

9  subordinates to do as they wish, corrupting due process of law, and "is legally responsible for his

10  employees supervision and actions."  (Id.)

11        Plaintiff seeks to have the decision dismissed, and seeks money damages for false

12  testimony and damage to his reputation, and loss of property.  (ECF No. 1 at 10.)

13  Discussion

14        The Civil Rights Act

15        To prevail on a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a

16  federal constitutional or statutory right; and (2) that the violation was committed by a person

17  acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

18  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

19  rights claim unless the facts establish the defendant's personal involvement in the constitutional

20  deprivation or a causal connection between the defendant's wrongful conduct and the alleged

21  constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v.

22  Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the

23  theory that the official is liable for the unconstitutional conduct of his or her subordinates.

24  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person

25  or persons who violated his rights, and set forth specific factual allegations as to how such person

26  violated plaintiff's rights.

27  ////

28  ////

4

1    Favorable Termination Rule

2          Under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), a

3    plaintiff cannot bring a § 1983 claim arising out of alleged unconstitutional activities that resulted

4    in his criminal conviction unless the conviction is first reversed, expunged, set aside, or otherwise

5    called into question.  Heck, 512 U.S. at 486–87.  If a plaintiff convicted of a crime seeks damages

6    in a § 1983 suit, the district court must therefore "consider whether a judgment in favor of the

7    plaintiff would necessarily imply the invalidity of [her] conviction or sentence; if it would, the

8    complaint must be dismissed."  Heck, 512 U.S. at 487.  This "favorable termination" rule also

9    applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time

10    or behavior credits.  Edwards v. Balisok, 520 U.S. 641, 646-48 (1997).

11          Here, plaintiff challenges a prison disciplinary for indecent exposure that resulted in a loss

12    of good time credits (90 days).  (ECF No. 1 at 52, 79.)  Because reversal of the rules violation

13    report finding would necessarily result in a restoration of good time credits, it would also

14    necessarily affect the duration of plaintiff's confinement.  Therefore, the challenge to the rules

15    violation report for indecent exposure is not cognizable in a section 1983 action.[3]

16    False Rules Violation Report

17          The filing of a false rules violation report by a prison official against a prisoner is not a

18    per se violation of the prisoner's constitutional rights.  See Muhammad v. Rubia, 2010 WL

19    1260425, at *3 (N.D. Cal., Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed

20    immunity from being falsely or wrongly accused of conduct which may result in the deprivation

21    of a protected liberty interest.  As long as a prisoner is afforded procedural due process in the

22    disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.")

23    (citations omitted), aff'd, 453 F. App'x 751 (9th Cir. 2011); Harper v. Costa, 2009 WL 1684599,

24    at *2-3 (E.D. Cal., June 16, 2009) ("Although the Ninth Circuit has not directly addressed this

25

26    [3]  Plaintiff also appended rules violation report, Log No. 7041352, received for breaking a cell
      window and resulting in a credit loss of 60 days.  (ECF No. 1 at 28-34.)  The hearing official was

27    Lt. J. Bullard.  (ECF No. 1 at 34.)  It is unclear why plaintiff provided such exhibit, but any due
      process challenge related to such hearing must be brought in a separate civil rights action.  Fed.

28    R. Civ. P. 20(a).

1   issue in a published opinion, district courts throughout California . . . have determined that a

2   prisoner's allegation that prison officials issued a false disciplinary charge against him fails to

3   state a cognizable claim for relief under § 1983."), aff'd, 393 F. App'x 488 (9th Cir. 2010).

4          Although the filing of a false disciplinary action against an inmate is not a per se civil

5   rights violation, there are two ways that allegations that an inmate has been subjected to a false

6   claim may potentially state a cognizable civil rights claim.  The first is when the inmate alleges

7   that the false report was made in retaliation for the exercise of a constitutionally-protected right

8   under the First Amendment.  See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997) (retaliation claim

9   must rest on proof that defendant filed disciplinary action in retaliation for inmate's exercise of

10  his constitutional rights and that the retaliatory action advanced no legitimate penological

11  interest).  For example, "[p]risoners have a First Amendment right to file grievances against

12  prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108,

13  1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).[4]

14         The second is when the prisoner alleges that he was not afforded procedural due process

15  in a disciplinary proceeding concerning the false report.  See Hines v. Gomez, 108 F.3d 265, 269

16  (9th Cir. 1997) ("[T]his court has reaffirmed that prisoners may still base retaliation claims on

17  harms that would not raise due process concerns."); Hanrahan v. Lane, 747 F.2d 1137, 1140-41

18  (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an

19  inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the

20  procedural due process protections as required in Wolff v. McDonnell[, 418 U.S. 539 (1974)] are

21  provided.").

22          "Prison disciplinary proceedings are not part of a criminal prosecution, and the full

23  panoply of rights due a defendant in such proceedings does not apply."  Wolff, 418 U.S. at 556.

24  Rather, for disciplinary proceedings that include the loss of good time credits, Wolff established

25  _____

26  [4]  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state
    actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

27  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and
    (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson,

28  408 F.3d 559, 567-68 (9th Cir. 2005).

1   that an inmate must receive (1) twenty-four-hour advanced written notice of the charges against

2   him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and

3   reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3)

4   an opportunity to call witnesses and present documentary evidence where doing so "will not be

5   unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the

6   hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact

7   finder, id. at 570-71.  As long as the five minimum Wolff requirements are met in a prison

8   disciplinary proceeding, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420

9   (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

10       Here, plaintiff alleges the allegations were false, but does not allege that such false

11   charges were made in retaliation for plaintiff's protected conduct.  Rather, plaintiff claims his due

12   process rights were violated during the prison disciplinary hearing on the rules violation report

13   Log No. 7034860.  Defendant T. Nackord was the hearing official.  (ECF No. 1 at 82.)  However,

14   based on plaintiff's vague allegations, it is unclear whether plaintiff can state a cognizable due

15   process claim under Wolff.

16       Plaintiff alleges that defendant Shroeder participated as an investigative employee,

17   violated due process and was not an impartial witness.  However, Wolff does not require the

18   services of an investigative employee.  California prison regulations provide for investigative

19   employees, but this is not a requirement of due process.  An investigative employee is responsible

20   for gathering information for a senior hearing officer or disciplinary hearing committee by

21   interviewing charged inmates, questioning all staff and inmates with relevant information, and

22   screening prospective witnesses.  Cal. Code Regs. tit. 15, § 3318(a).  An investigative employee

23   is assigned to assist the hearing officer or disciplinary committee, not the charged inmate.  Id.

24   Thus, plaintiff fails to state a cognizable claim as to defendant Shroeder.  Moreover, inasmuch as

25   defendant Nackord was the decision-maker at plaintiff's hearing, any allegations of bias as to

26   defendant Shroeder or any other defendants fail to implicate due process.  See Wolff, 418 U.S. at

27   571 (requiring impartial decision-maker at hearing).

28   ////

1   However, in an abundance of caution, plaintiff is granted leave to amend to raise any

2   alleged due process violations as identified in <u>Wolff</u>.  In other words, plaintiff must allege facts

3   demonstrating that he was not provided one of the five minimum <u>Wolff</u> requirements.  Id.

4         <u>Free Speech</u>

5   Plaintiff's claim that his First Amendment right to free speech was violated is unclear.  A

6   prisoner's right to free speech is more limited than the right of a non-prisoner.  Indeed, courts

7   have repeatedly held that not all speech by prisoners is protected by the First Amendment.  <u>See,</u>

8   <u>e.g.</u>, <u>West v. Dizon</u>, 2014 WL 794335, at *5-*6 (E.D. Cal. Feb. 27, 2014) (protected speech

9   includes a prisoner's verbal expression of an intent to submit a formal written grievance); <u>Uribe</u>

10   <u>v. McKesson</u>, 2011 WL 9640, at *12 (E.D. Cal. Jan. 3, 2011) (prisoner's attempt to report a

11   prison official's misconduct, either "verbally or in writing, constitutes speech or conduct entitled

12   to First Amendment protection"); <u>see also</u> <u>McElroy v. Lopac</u>, 403 F.3d 855, 858 (7th Cir. 2005)

13   (to support a retaliation claim, a prisoner's speech "must relate to a public concern and not just a

14   personal matter to receive First Amendment protection").  A prisoner can even be punished if

15   their speech interferes with a legitimate penological interest.  <u>See, e.g.</u>, <u>Griffin v. Berghuis</u>, 563 F.

16   App'x 411, 416 (6th Cir. 2014) (speech may be punished if it "is made in a manner incompatible

17   with the institution's legitimate penological objectives"); <u>Caffey v. Maue</u>, 679 F. App'x 487, 490

18   (7th Cir. 2017) ("Insubordinate, verbal remarks to prison staff are inconsistent with the status of a

19   prisoner").

20   In his first claim marked "due process," plaintiff refers to a free speech right to redress

21   grievances.  Plaintiff has no protected liberty interest in the processing of his appeal, because

22   inmates lack a constitutional entitlement to any specific prison grievance procedure.  <u>Ramirez v.</u>

23   <u>Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.

24   1988)).  Moreover, plaintiff provided a copy of his grievance SAC SC 20000124 filed in

25   connection with his challenge to the indecent exposure charges, and on April 9, 2021, he was

26   provided a third level response to such grievance.  (ECF No. 1 at 49-54, 84-87.)

27   ////

28   ////

1  Verbal Harassment

2  Allegations of harassment and embarrassment are not cognizable under section 1983.

3 <u>Rutledge v. Arizona Bd. of Regents</u>, 660 F.2d 1345, 1353 (9th Cir. 1981), <u>aff'd sub nom.</u> <u>Kush v.</u>

4 <u>Rutledge</u>, 460 U.S. 719 (1983); <u>see also</u> <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir.1982)

5 (allegations of harassment with regards to medical problems not cognizable); <u>Ellingburg v. Lucas</u>,

6 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under

7 § 1983 for being called obscene name by prison employee); <u>Batton v. North Carolina</u>, 501

8 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim

9 under § 1983).  Thus, to the extent plaintiff alleges defendant Torcedo subjected plaintiff to

10 verbal harassment, such allegations fail to state a cognizable civil rights claim.

11  Defamation/Libel

12  A federal civil rights action under 42 U.S.C. § 1983 "is not itself a source of substantive

13 rights," but rather provides "a method for vindicating federal rights elsewhere conferred."  <u>Baker</u>

14 <u>v. McCollan</u>, 443 U.S. 137, 144, n.3 (1979).  In other words, plaintiffs must specifically allege the

15 constitutional right that was violated.  <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989); <u>Baker</u>, 443

16 U.S. at 140.  Therefore, to the extent plaintiff attempts to raise a defamation or libel claim, such

17 claim alone does not rise to the level of a federal constitutional violation.  <u>See</u> <u>Williams v.</u>

18 <u>Gorton</u>, 529 F.2d 668, 670 (9th Cir. 1976) (stating defamation itself does not establish cause of

19 action under Section 1983; it is deprivation of constitutional rights for which Civil Rights Act

20 creates remedy).  "To establish a civil rights claim under 42 U.S.C. § 1983, a plaintiff must assert

21 more than a violation of state tort law -- he must show that the defendant deprived him of an

22 interest protected by the Constitution or federal law."  <u>Weiner v. San Diego Cty.</u>, 210 F.3d 1025,

23 1032 (9th Cir. 2000) (citing <u>Paul v. Davis</u>, 424 U.S. 693, 712 (1976)); <u>Hernandez v. Johnson</u>, 833

24 F.2d 1316, 1319 (9th Cir. 1987) (libel and slander claims precluded by <u>Paul</u>); <u>Sadler v. Dutton</u>,

25 2017 WL 3217119, at *6 (D. Mont. June 1, 2017), <u>adopted</u>, 2017 WL 3219479 (D. Mont. July 28,

26 2017).  Specifically, plaintiff must join his defamation or libel claim to a recognizable Section

27 1983 wrong.  <u>See</u> <u>Buckey v. Cty. of Los Angeles</u>, 968 F.2d 791, 795 (9th Cir. 1992).  For these

28 reasons plaintiff's defamation or libel claim fails.

Other Alleged Constitutional Amendments

In his second claim, plaintiff states that the false claim of indecent exposure violated the Fourth and Ninth Amendments.  (ECF No. 1 at 6.)  In his third claim, plaintiff alleges "deliberate corruption," and then lists a series of constitutional amendments he claims were violated.[5]  (ECF No. 1 at 7.)  However, most of the amendments listed by plaintiff do not apply to the circumstances alleged in his complaint.

For example, there was no search or seizure under the Fourth Amendment that would have required an oath or affirmation.  Moreover, prisoners have no "reasonable expectation of privacy" in their living quarters.  Hudson v. Palmer, 468 U.S. 517 (1984).

In addition, the Fifth Amendment's Double Jeopardy Clause protects against "multiple criminal punishments for the same offense."  Monge v. California, 524 U.S. 721, 727-28 (1998).  "A state may punish separate offenses arising out of the same transaction without violating the double jeopardy clause."  Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987) (citing Albernaz v. United States, 450 U.S. 333 (1981)).  The test that determines whether convictions violate double jeopardy is "whether there are two offenses or only one," which is demonstrated by evaluating "whether each provision requires proof of a fact which the other does not."  Blockburger v. United States, 284 U.S. 299, 304 (1932) (citation omitted); see also Dowling v. United States, 493 U.S. 342, 355 (1990) (citing Blockburger, 284 U.S. at 304) ("Two offenses are considered the 'same offense' for double jeopardy purposes unless each offense requires proof of a fact that the other does not.").  Such "analysis focuses on the statutory elements of the offenses."  United States v. Overton, 573 F.3d 679, 691 (9th Cir. 2009) (citation omitted); see also Rhoden v. Rowland, 10 F.3d 1457, 1461-62 (9th Cir. 1993) (holding that there was no violation of the Double Jeopardy Clause where sentences were imposed for distinct crimes).  Here, plaintiff alleges no facts suggesting a violation of the Double Jeopardy Clause.

////

////

---

[5]  Despite his reference to "corruption," all of his allegations focus on his claim that defendant Torcedo falsely charged plaintiff with indecent exposure.

As noted above, plaintiff is not entitled to all of the rights he would be entitled to in a criminal prosecution.  Wolff, 418 U.S. at 556.  The undersigned finds that plaintiff alleges no facts demonstrating violations of the Fourth, Fifth, Sixth or Ninth Amendments.

Warden Lynch

Plaintiff alleges that defendant Lynch allowed his "subordinates to do as they wish," claiming that Lynch is "legally responsible for his employee's supervision and actions."  (ECF No. 1 at 8.)  However, as discussed above, plaintiff cannot state a cognizable civil rights claim against defendant Lynch based solely on his supervisorial role.  Rather, plaintiff must allege facts demonstrating Lynch's personal involvement in the constitutional deprivation or a causal connection between Lynch's wrongful conduct and the alleged constitutional deprivation.

Leave to Amend

For all of the above reasons, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief, and the complaint must be dismissed.  The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law

11

1    or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  Unrelated

2    claims against different defendants must be pursued in separate lawsuits.  See George v. Smith,

3    507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a

4    multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

5    required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous

6    suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C.

7    § 1915(g)." George, 507 F.3d at 607.

8        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

9    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

10   complaint be complete in itself without reference to any prior pleading.  This requirement exists

11   because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

12   v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

13   supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

14   omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

15   function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

16   and the involvement of each defendant must be sufficiently alleged.[6]

17       In accordance with the above, IT IS HEREBY ORDERED that:

18       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

20   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

21   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

22   Director of the California Department of Corrections and Rehabilitation filed concurrently

23   herewith.

24       3.  Plaintiff's complaint is dismissed.

25       4.  Within thirty days from the date of this order, plaintiff shall complete the attached

26   Notice of Amendment and submit the following documents to the court:

27

28   [6]  Rather than re-file exhibits, plaintiff may ask the court to append exhibits from the original complaint to his amended complaint.

12

1          a.  The completed Notice of Amendment; and

2          b.  An original of the Amended Complaint.

3     Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

4     Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

5     also bear the docket number assigned to this case and must be labeled "Amended Complaint."

6     Failure to file an amended complaint in accordance with this order may result in the dismissal of

7     this action.

8          5.  Plaintiff's motion (ECF No. 1 at 12-15) is denied as moot.

9     Dated:  October 6, 2021

10

11                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

12    /diaz0916.14

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                                     UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FELIPE POLANCO DIAZ,                               No.  2:21-cv-0916 KJN P

12                  Plaintiff,

13         v.                                            NOTICE OF AMENDMENT

14    JEFF LYNCH, et al.,

15                  Defendants.

16

17         Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19                         _____      Amended Complaint
      DATED:
20

21                                               _____

22                                               Plaintiff

23

24

25

26

27

28
                                                  14