1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FELIPE POLANCO DIAZ,                       No.  2:21-cv-0916 KJM KJN P

12                    Plaintiff,

13           v.                                  ORDER

14    JEFF LYNCH, Warden, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18    42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court

19    pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's amended complaint is now

20    before the court.  As discussed below, plaintiff's amended complaint is dismissed with leave to

21    amend.

22    Screening Standards

23          The court is required to screen complaints brought by prisoners seeking relief against a

24    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

28    ////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's Allegations

Plaintiff identifies three claims for relief:  intentional infliction of emotional distress by defendant Torcedo; conspiracy under P.C. § 182, and deprivation of protected liberty interest, citing the First Amendment.  (ECF No. 17 at 4; 17-1 at 1.)  Plaintiff names five defendants, all employed at California State Prison, Sacramento (CSP-SAC):  J. Lynch, Warden,; CNA Maria Torcedo; Psychiatric Technician evaluator Yalung Crisostomo; Sgt. Shroeder; and Lt. T. Nackord.  Plaintiff provided 89 pages of exhibits.  (ECF No. 17-1 at 14-103.)

Initially, plaintiff claims that on September 28, 2020, his cellmate advised him that two individuals were coming to stab and kill him, but the attack was thwarted when plaintiff nervously dropped the blade provided by one of his peers and plaintiff was arrested for possession of the blade.  Plaintiff's mental health deteriorated and he was placed on suicide watch.  On October 5, 2020, while on suicide watch, plaintiff claims defendant Torcedo falsely accused

2

plaintiff of exposing himself to her.  (ECF No. 17-1 at 3-4, 9-10.)  Plaintiff states that he has complied with the Government Claims act.  (ECF No. 17-1 at 11.)

On October 24, 2020, defendant Crisostomo issued a mental health report denying that plaintiff has mental issues, and claiming plaintiff does not take medication and has no developmental disabilities.  (ECF No. 17-1 at 4.)  On November 30, 2020, defendants Shroeder and Crisostomo "rubber stamped response in conspiracy violation making false statements and depriving petitioner of his protected liberty interest with retaliatory intent."  (ECF No. 17-1 at 5.)

On March 9, 2021, plaintiff wrote defendant Lynch requesting a response.  On March 26, 2021, Lynch responded by providing a copy of a December 21, 2020 RVR.  (Id.)  On March 15, 2022, plaintiff received Lynch's decision on plaintiff's grievance concerning Torcedo.  Plaintiff alleges the grievance response demonstrates a conspiracy to deny plaintiff's due process rights.

Plaintiff also claims he was harassed by defendant Torcedo; when plaintiff told Torcedo plaintiff would take legal action, Torcedo retaliated by accusing plaintiff of threatening staff. (ECF No. 17-1 at 5.)  Plaintiff alleges that Torcedo's false reports were made in retaliation for plaintiff's exercise of a constitutionally protected right under the First Amendment.  (ECF No. 17-1 at 8.)

Discussion

Plaintiff may be able to state a retaliation claim against defendant Torcedo.  Plaintiff alludes to a rules violation report that he claims Torcedo issued in retaliation for plaintiff threatening to take legal action against Torcedo.  But plaintiff fails to provide sufficient facts showing that he meets all of the elements of a retaliation claim.[1]  Plaintiff is granted leave to

---

[1]  "Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  The constitutional right to redress of grievances "embraces threats to sue[.]"  Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) (citing Jones v. Williams, 791 F.3d 1023, 1035-36 (9th Cir. 2015)).

1   amend to address such elements.

2       Although the court may exercise supplemental jurisdiction over state law claims, plaintiff

3   must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  Thus, in

4   order to pursue his intentional infliction of emotional distress claim against defendant Torcedo,

5   plaintiff must first state a cognizable federal civil rights claim against Torcedo for the court to

6   exercise supplemental jurisdiction over the state law claim.  Plaintiff failed to do so.

7       Plaintiff attempts to allege a conspiracy in violation of California Penal Code Section

8   182(a), which makes conspiracy a criminal state offense. (ECF No. 17-1 at 1, 4.)  However,

9   private citizens have no authority to assert civil claims under the criminal code, either state or

10  federal.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right

11  of action for violation of criminal statutes).

12      But even if the court construed his claim as a conspiracy claim under § 1983, such claim

13  also fails.  A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting

14  of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002)

15  (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir.

16  1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450

17  F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d

18  1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the

19  exact details of the plan, but each participant must at least share the common objective of the

20  conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

21  The federal system is one of notice pleading, and the court may not apply a heightened pleading

22  standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of San

23  Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d

24  1119, 1126 (9th Cir. 2002).  However, although accepted as true, the "[f]actual allegations must

25  be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at

26  555. A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more

27  than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ."

28  Id. (internal quotations and citations omitted); see Iqbal, 129 S. Ct. at 1949.  As such, a bare

1   allegation that defendants conspired to violate Plaintiff's constitutional rights will not suffice to

2   give rise to a conspiracy claim under § 1983.

3          Plaintiff fails to set forth specific factual allegations demonstrating a meeting of the

4   minds.  Plaintiff claims that the March 15, 2022 grievance decision by defendant Lynch

5   "demonstrates a conspiracy to deny plaintiff due process by changing a response with erroneous

6   information concerning Torcedo's 2020 issue."  (ECF No. 17-1 at 5.)  But he provides no specific

7   facts to explain his conclusory statement.  Plaintiff did not provide a copy of the March 2022

8   grievance decision.  He also alleges that Shroeder and Crisostomo "rubber stamped" grievance

9   responses, but does not show how their responses constitute a conspiracy.

10         Importantly, plaintiff cannot state a due process claim based on a defendant's role in the

11  inmate appeal process.  The Due Process Clause protects plaintiff against the deprivation of

12  liberty without the procedural protections to which he is entitled under the law.  Wilkinson v.

13  Austin, 545 U.S. 209, 221 (2005).  However, plaintiff has no stand-alone due process rights

14  related to the administrative grievance process itself.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th

15  Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  A prison official's denial of a

16  grievance does not itself violate the constitution.  Evans v. Skolnik, 637 F. App'x 285, 288 (9th

17  Cir. 2015).  Thus, the denial, rejection, or cancellation of a grievance does not constitute a due

18  process violation.  See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. 2010)

19  (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a

20  cognizable claim under the First Amendment); Williams v. Cate, 2009 WL 3789597, at *6 (E.D.

21  Cal. 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative

22  claims.").  "Because there is no right to any particular grievance process, it is impossible for due

23  process to have been violated by ignoring or failing to properly process prison grievances."

24  Daniels v. Aguillera, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018).

25         As for the remaining defendants, plaintiff fails to allege sufficient facts to suggest he can

26  state a cognizable civil rights claim against them.  Simply writing an allegedly false mental health

27  report or assessment, without more, is insufficient to show a constitutional violation.  Plaintiff

28  included no charging allegations as to defendant Nackford.

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court, however, grants leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original or prior pleading is superseded.

Plaintiff may ask the court to append his prior exhibits to his second amended complaint. That said, plaintiff is required to include his factual allegations as to each defendant in the pleading.  The court is not required to review exhibits in order to ferret out the details of plaintiff's claims.

1    Plaintiff is required to file his second amended complaint on the form provided by the

2    Clerk of Court.

3    In accordance with the above, IT IS HEREBY ORDERED that:

4    1.  Plaintiff's amended complaint is dismissed.

5    2.  Plaintiff is granted thirty days from the date of service of this order to file a second

6    amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

7    of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

8    docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff

9    must file an original and two copies of the second amended complaint.

10   Failure to file a second amended complaint in accordance with this order will result in a

11   recommendation that this action be dismissed.

12   3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

13   complaint by a prisoner.

14   Dated:  October 17, 2022

15

16

17   /diaz0915.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

7