UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ, | No. 2:21-cv-0916 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| MARIA TORCEDO, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint is before the court. As discussed below, plaintiff is provided the option to pursue his retaliation claim against defendant Torcedo, or to file an amended pleading in an effort to add an access to the courts claim as to defendant Torcedo.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Second Amended Complaint

Plaintiff narrowed his claims to allege that on December 21, 2020, defendant Torcedo violated the First Amendment by issuing a rules violation against plaintiff in retaliation for plaintiff threatening to take legal action against Torcedo which chilled plaintiff's exercise of his

2

First Amendment rights and did not reasonably advance a legitimate correctional goal. As injury, plaintiff claims Torcedo prevented plaintiff from defending and exercising his legal rights by retaliation, harassment, and the filing of false reports. (ECF No. 24 at 3.) Plaintiff seeks money damages. In addition to marking the retaliation box, plaintiff also marked the "access to the court" box.

Discussion

The court reviewed plaintiff's second amended complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable retaliation claim against defendant Torcedo. See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the pleading does not state a cognizable access to the court claim against defendant Torcedo. Such claim is dismissed with leave to amend.

    Access to Courts

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Further, a plaintiff must identify the underlying lawsuit that forms the basis of the claim with sufficient detail so that the court can determine whether it was a non-frivolous, arguable claim. Christopher, 536 U.S. at 415 ("It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as

3

1 allegations must describe the official acts frustrating the litigation.")  A plaintiff must further
2 identify the acts that frustrated his claim, and how his claim was frustrated, as well as identify the
3 remedy sought.
4      In the second amended complaint, plaintiff marked the access to the court box and
5 vaguely references Torcedo prevented plaintiff from defending and exercising legal rights.  As
6 the above standards explain, plaintiff must set forth facts demonstrating an actual injury to a non-
7 frivolous, arguable claim.  As pled, the court is unable to determine whether plaintiff can state a
8 cognizable access to the courts claim against defendant Torcedo.  However, in an abundance of
9 caution, plaintiff is granted the opportunity to amend, one final time, if plaintiff can set forth such
10 facts.
11 Plaintiff's Options
12      Plaintiff may proceed forthwith to serve defendant Torcedo and pursue the retaliation
13 claim against Torcedo, or plaintiff may delay serving defendant Torcedo and attempt to state a
14 cognizable access to court claim against Torcedo.
15      If plaintiff elects to attempt to amend his complaint to state a cognizable access to the
16 court claim against defendant Torcedo, he has thirty days so to do.  He is not obligated to amend
17 his complaint.
18      If plaintiff elects to proceed forthwith on his retaliation claim against defendant Torcedo,
19 against whom he stated a potentially cognizable claim for relief, then within thirty days he must
20 so elect on the appended form.  In this event the court will construe plaintiff's election as consent
21 to dismissal of plaintiff's access to the court claim against defendant Torcedo without prejudice.
22 Leave to Amend
23      Plaintiff is advised that in any third amended complaint he must clearly identify each
24 defendant and the action that defendant took that violated his constitutional rights.  The court is
25 not required to review exhibits to determine what plaintiff's charging allegations are as to each
26 named defendant.  The charging allegations must be set forth in the amended complaint so
27 defendants have fair notice of the claims plaintiff is presenting.
28 ////

Any third amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

Any third amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a third amended complaint, the original and prior pleadings are superseded.

Finally, plaintiff has amended his pleading multiple times. Plaintiff is cautioned that he is not granted leave to add new claims or new defendants in this action. Rather, he is granted leave to amend solely to set forth facts in support of his putative access to the court claim against defendant Torcedo. Failure to comply with this order will result in an order striking the third amended pleading and proceeding solely on plaintiff's retaliation claim against defendant Torcedo pled in the second amended complaint.

Once plaintiff selects an option, the court will issue an order to append the appropriate previously provided exhibits to the operative pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's access to the court claims against defendant Torcedo are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable access to the court claims against defendant Torcedo. Plaintiff is not required to amend his complaint.

2. The allegations in the second amended complaint are sufficient to state a potentially cognizable retaliation claim against defendant Torcedo. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such First Amendment retaliation claim, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective access to the court claim without prejudice.

3. Failure to comply with this order will result in a recommendation that the access to the court claim be dismissed without prejudice, and this action will proceed solely on plaintiff's retaliation claim against defendant Torcedo.

Dated: April 3, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/diaz0916.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ,<br><br>           Plaintiff,<br><br>     v.<br><br>MARIA TORCEDO,<br><br>           Defendant. | No.  2:21-cv-0916 KJM KJN P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____     Plaintiff opts to proceed with his retaliation claim against defendant Torcedo; and

_____     Plaintiff consents to dismissal of the access to court claim against defendant Torcedo.

**OR**

\_\_\_\_\_     Plaintiff opts to file a third amended complaint and delay service of process.  Such amendment is limited to plaintiff's access to the court claim against defendant Torcedo (as well as renewal of his retaliation claim against Torcedo).

DATED:

_____
                            Plaintiff