UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ, | No. 2:21-cv-0916 KJM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MARIA TORCEDO, | |
| Defendant. | |

    Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. On April 3, 2023, plaintiff was provided the option to pursue his retaliation claim against defendant Torcedo, or to file an amended pleading in an effort to add an access to the court claim as to defendant Torcedo. Plaintiff did not respond. Therefore, by separate order, service is ordered on defendant Torcedo based solely on plaintiff's retaliation claim, and the undersigned recommends that plaintiff's access to the court claim be dismissed without prejudice.

<u>Plaintiff's Second Amended Complaint</u>

    Plaintiff narrowed his claims to allege that on December 21, 2020, defendant Torcedo violated the First Amendment by issuing a rules violation against plaintiff in retaliation for plaintiff threatening to take legal action against Torcedo which chilled plaintiff's exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal. As injury,

plaintiff claims Torcedo prevented plaintiff from defending and exercising his legal rights by retaliation, harassment, and the filing of false reports. (ECF No. 24 at 3.) Plaintiff seeks money damages. In addition to marking the retaliation box, plaintiff also marked the "access to the court" box.

Discussion

As discussed in the screening order, the undersigned found that the pleading does not state a cognizable access to the court claim against defendant Torcedo:

> Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.
>
> Further, a plaintiff must identify the underlying lawsuit that forms the basis of the claim with sufficient detail so that the court can determine whether it was a non-frivolous, arguable claim. Christopher, 536 U.S. at 415 ("It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.") A plaintiff must further identify the acts that frustrated his claim, and how his claim was frustrated, as well as identify the remedy sought.
>
> In the second amended complaint, plaintiff marked the access to the court box and vaguely references Torcedo prevented plaintiff from defending and exercising legal rights. As the above standards explain, plaintiff must set forth facts demonstrating an actual injury to a non-frivolous, arguable claim. As pled, the court is unable to determine whether plaintiff can state a cognizable access to the courts claim against defendant Torcedo.

(ECF No. 25 at 2-4.)

Despite being granted an opportunity to amend, plaintiff failed to file a third amended complaint and did not respond to the April 3, 2023 screening order. Plaintiff was cautioned that

failure to comply with the order would result in this case proceeding solely on plaintiff's retaliation claim against defendant Torcedo pled in the second amended complaint. (ECF No. 25 at 6 ¶ 3.)

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's putative access to the court claim against defendant Torcedo be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 18, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/diaz0916.56