UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ, | No. 21-cv-0916 KJM CSK P |
| Plaintiff, | |
| v. | ORDER |
| MARIA TORCEDO, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. This action proceeds on plaintiff's second amended complaint alleging that while he was housed at California State Prison, Sacramento, on December 21, 2020, plaintiff was subjected to retaliation by defendant Torcedo. Plaintiff recently filed a request and a motion. As discussed below, plaintiff's request is disregarded, and his motion is denied.

Request for Production

On March 27, 2024, plaintiff filed a document entitled "Request for Production of Documents . . . ." (ECF No. 46.) Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

1

Motion to Dismiss

Plaintiff also filed a document styled, "Motion to Dismiss for Defective Process," citing Fed. R. Civ. P. 12(b)(4). (ECF No. 45.) Plaintiff "moves to dismiss the defense initial requests for production of documents and interrogatories, and post summary judgment strategy which violates due process under Rule 12(b)(4.)" (ECF No. 45 at 1.) He claims defendant "failed to serve summons interrogatory and request for documentary evidence" purportedly in violation of Rule 4(a) of the Federal Rules of Civil Procedure, and claims Torcedo's affidavit appended a copy of the allegedly defective summons served on plaintiff and improperly affiliated plaintiff with Devonte B. Harris. (ECF No. 45 at 1.) Plaintiff appears to claim that defendant failed to provide plaintiff with Rule 34(b) notice, and also claims that if the request was under Rule 26(d)(2) and was delivered within 30 days after the parties' first conference under Rule 26(f), counsel failed to serve plaintiff. Plaintiff then claims the failure to file a motion to dismiss waived this court's lack of personal jurisdiction, resulting from the defective summons. Plaintiff seeks, inter alia, an order granting his motion, letting the summons proceed, and denying defendant's motion for summary judgment. (ECF No. 45 at 3.) Plaintiff also appends an affidavit in which he opposes defendant's discovery requests. (ECF No. 45-1.)

Discussion

Plaintiff's motion to dismiss is unclear. First, there are no summons pending in this action.[1] Rather, service of process is complete. A discovery and scheduling order issued on February 7, 2024; such order granted the parties leave to conduct discovery in this matter. (ECF No. 42.) Thus, to the extent plaintiff is attempting to object under Rule 26, such objection is overruled. Second, defendant has not filed a motion for summary judgment in this action. Perhaps plaintiff has confused this action with another case. Third, defendant was not required to serve summons along with discovery requests. Fourth, as discussed above, plaintiff's objections to defendant's discovery requests must be served on counsel for defendant, not the court. Plaintiff's motion to dismiss for "defective process" is not well-taken and is denied.

---

[1] Plaintiff did not provide a copy of the allegedly defective summons. In any event, Devonte B. Harris is not a party to this action, and any reference to him is unclear.

2

Finally, plaintiff failed to properly serve counsel for defendant with either of the above filings. Plaintiff's proof of service by mail is addressed to "Department of Justice, Office of the Attorney General, 455 Golden Gate Ave., Suite 11000, San Francisco, CA 99102-7004. (ECF No. 46 at 6.) However, defendant Torcedo's answer reflects that he is represented by Chase Goldstein, Deputy Attorney General, 300 South Spring St., Suite 1702, Los Angeles, CA 90013-1230. (ECF No. 39.) Plaintiff is required to serve all court filings on counsel for defendant at counsel's address of record. L.R. 135(f). Because plaintiff failed to properly serve his discovery requests and responses, plaintiff is granted fourteen days to properly serve his discovery requests and discovery responses on counsel for defendant.

The parties are encouraged to cooperate in discovery. Failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order); Fed. R. Civ. P. 37(d)(3) (sanctions may be imposed for failure to serve answers to interrogatories or to respond to request for production of documents).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for production of documents (ECF No. 46) and affidavit opposing defendant's discovery requests (ECF No. 45-1) are retained in the court file but disregarded. Plaintiff is cautioned that further filing with the court of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that this action be dismissed.

2. Plaintiff's motion to dismiss (ECF No. 45) is denied.

3. Plaintiff is granted fourteen days from the date of this order to re-serve his discovery requests and responses on counsel for defendant: Chase Goldstein, Deputy Attorney General, 300 South Spring St., Suite 1702, Los Angeles, CA 90013-1230.

Dated: April 10, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/diaz0916.411