UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ, | No. 2:21-cv-0916 KJM CSK P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. This action proceeds on plaintiff's second amended complaint alleging that while he was housed at California State Prison, Sacramento, on December 21, 2020, plaintiff was subjected to retaliation by defendant Torcedo in violation of the First Amendment. (ECF Nos. 24, 25 (screening order).) Plaintiff is currently housed at the California Health Care Facility ("CHCF") in Stockton. Plaintiff's motion for preliminary injunctive relief is before the court.

As set forth below, plaintiff's motion should be denied as moot.

Motion for Injunctive Relief

On March 22, 2024, plaintiff moved for injunctive relief against staff at CHCF, contending he is without access to his legal and personal property, and mail room staff denied plaintiff the ability to send legal mail without postage, despite his indigent status. (ECF No. 43.) Plaintiff was previously summoned to Los Angeles County for court proceedings. Thereafter, he

1

was transferred to North Kern State Prison, and then transferred to CHCF on October 20, 2023, due to his handicapped condition. (ECF No. 43 at 1.) Plaintiff's personal and legal property was purportedly sent to CHCF on February 5, 2024. (Id.) As of March 14, 2024, plaintiff remained without his legal property. (ECF No. 43 at 2.)

On April 8, 2024, defendant Torcedo filed an opposition to plaintiff's motion providing evidence that plaintiff's legal materials were returned to him on March 20, 2024, and on March 29, 2024, an additional two envelopes of what appeared to be legal materials were discovered in plaintiff's personal property and returned to him the same day. (ECF Nos. 48, 48-1, 48-2 & 48-3.) In addition, although the CHCF mailroom previously rejected plaintiff's request to send certain discovery-related documents, on March 25, 2024, plaintiff was able to resend the documents, which defendant's counsel received on March 29, 2024. (ECF No. 48-1 at 2.) Also, defendant's counsel offered to replace plaintiff's copies of the full docket in this action without charge, which plaintiff accepted. (ECF No. 48 at 2 n.1.) Because the alleged threat of harm no longer exists, defendant argues that the motion should be denied as moot.

Plaintiff did not file a reply.

Governing Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To qualify for injunctive relief, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Id. at 20. A deficiency in any element precludes relief. Id. at 23.

As to the second element of Winter, an injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again -- a likelihood of substantial and immediate irreparable injury." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted). Speculative injury does not constitute irreparable harm. See Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). A presently

existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

Discussion

Plaintiff's motion fails on the second element of Winter, which precludes relief. See Winter, 555 U.S. at 23-24. Plaintiff did not rebut the evidence that he has received his legal materials and was able to re-send the documents previously rejected by CHCF mailroom staff. In addition, the court docket confirms that two documents were filed by plaintiff with the court on March 27, 2024, and each contained a proof of service signed by plaintiff on March 11, 2024. (ECF Nos. 45, 46.) Also, plaintiff was able to mail the instant motion on March 14, 2024. (ECF No. 43 at 4.) Further, plaintiff was recently granted an extension of time to rectify an incorrect address used for serving defendant's counsel, which remedied any potential injury from the delay caused by the rejected mailing. (ECF No. 50.) Because plaintiff is no longer facing imminent injury to his access to the courts, his motion should be denied as moot.

Finally, the undersigned considered whether such circumstances might recur. See Murphy v. Hunt, 455 U.S. 478, 482 (1982) (an exception to the mootness doctrine applies if the same party could be subject to the same action again). Here, plaintiff provided no evidence that he is likely to be summoned again to Los Angeles County or that a prison transfer is imminent or anticipated in the near future. Plaintiff also failed to show that extensions of time would be insufficient to address any future deprivations.

For all of the foregoing reasons, plaintiff's motion for injunctive relief should be denied as moot.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 43) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 17, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/diaz0916.pi