UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ,<br><br>Plaintiff,<br><br>v.<br><br>MARIA TORCEDO,<br><br>Defendant. | No. 21-cv-0916 DC CSK P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. On January 21, 2025, plaintiff filed a motion styled, "Motion and Motion for Mistrial." (ECF No. 74.)

I. BACKGROUND

This action proceeds on plaintiff's second amended complaint alleging that on December 21, 2020, while he was incarcerated at California State Prison, Sacramento ("CSP-SAC"), defendant Maria Torcedo, a Certified Nurse Assistant ("CNA"), retaliated against plaintiff in violation of the First Amendment by issuing a rules violation report against him after he threatened to take legal action against her. (ECF No. 24.)

The Court's Discovery and Scheduling Order issued on February 7, 2024. (ECF No. 42.) Discovery closed on June 7, 2024, and pretrial motions were due by September 9, 2024. (Id.)

Defendant filed a motion for summary judgment on August 5, 2024. (ECF No. 27.) On August 28, 2024, plaintiff was granted an additional thirty days to file an opposition to the motion

1

for summary judgment. (ECF No. 63.) Plaintiff failed to file objections, and on October 17, 2024, the Court recommended that the action be dismissed based on plaintiff's failure to prosecute. (ECF No. 65.) Plaintiff filed objections and a motion for extension of time to file an opposition to the motion for summary judgment. (ECF Nos. 66, 67.) On December 19, 2024, the October 17, 2024 findings and recommendations were vacated, and the Court granted plaintiff's motion for thirty-day extension of time to file an opposition to defendant's motion for summary judgment. (ECF No. 70). Plaintiff was specifically admonished that he should "limit his filings to his claim against defendant Torcedo, and focus on preparing his opposition to the defendant's motion for summary judgment which has been pending since August 2024." (ECF No. 70 at 14-15.) In the December 19, 2024 Order and Findings and Recommendations, the Court also addressed plaintiff's pending motions for reconsideration (ECF Nos. 66, 68).

On January 21, 2025, plaintiff filed the motion for mistrial. (ECF No. 74.) On January 27, 2025, defendant filed an opposition stating that "no trial has occurred in this action." (ECF No. 75.) Plaintiff has not filed a reply, and the time to file a reply has passed.

On February 7, 2025, the district court adopted the December 19, 2024 findings and recommendations in full, and denied plaintiff's motion for reconsideration and injunctive relief, and denied his motion for ADA accommodations without prejudice. (ECF No. 76.)

II.     MOTION FOR MISTRIAL

Despite the Court's admonitions, plaintiff did not file an opposition to the pending motion for summary judgment, but instead filed a "Motion for Mistrial," citing California Criminal Law and Procedure Section 25.43. (ECF No. 74.) However, there has been no trial in this action. Neither has there been a dispositive ruling on defendant's motion for summary judgment. Notably, the bulk of plaintiff's motion relies on California state law. (Id.) Plaintiff filed this action in federal court; as such, the Court predominantly applies federal law. In addition, there are no state law claims pending in this action. (ECF No. 24.) Thus, under these circumstances, plaintiff's reliance on California state law is unavailing.

Moreover, as plaintiff was recently reminded, this action proceeds solely on plaintiff's retaliation claim against defendant Torcedo which arose at CSP-SAC in 2020. Plaintiff's new

allegations concerning subsequent alleged retaliatory transfers or alleged sexual abuse at HDSP are wholly unrelated to plaintiff's retaliation claim against defendant Torcedo, a CNA at CSP-SAC.  (See also ECF No. 70 at 6 (plaintiff's current circumstances have no nexus to his underlying retaliation claim against defendant Torcedo)).  Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Despite plaintiff's efforts to allege a conspiracy based on defendant Torcedo's putative role as a "sub-agent under contract with CDCR" (ECF No. 74 at 8), such efforts are unavailing.  Plaintiff's subsequent claims concerning alleged sexual abuse at HDSP, and retaliatory transfers do not arise from the same transaction or occurrence as his alleged retaliation claim against defendant Torcedo.

     For the above reasons, IT IS HEREBY ORDERED that plaintiff's motion for mistrial (ECF No. 74) is denied.

Dated:  February 14, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/diaz0916.mistrial

3