UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE POLANCO DIAZ, | No. 2:21-cv-0916 DC CSK P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| MARIA TORCEDO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Defendant's motion for summary judgment is before the Court. Despite multiple extensions of time, plaintiff has not filed an opposition. As discussed below, the Court recommends that this action be dismissed without prejudice based on plaintiff's failure to prosecute.

I. BACKGROUND

This action proceeds on plaintiff's second amended complaint naming Maria Torcedo as the sole defendant. (ECF No. 24.) Plaintiff alleges that on December 21, 2020, while he was incarcerated at California State Prison, Sacramento ("CSP-SAC"), defendant Torcedo, a Certified Nurse Assistant ("CNA"), retaliated against plaintiff in violation of the First Amendment by issuing a rules violation report against him after he threatened to take legal action against her. (ECF No. 24.) Plaintiff is currently housed at High Desert State Prison ("HDSP").

1

1    On August 5, 2024, defendant filed a motion for summary judgment. (ECF No. 57.) That same day, defendant provided plaintiff with the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, citing Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc). (ECF No. 57-5.) Plaintiff did not file an opposition.

On August 28, 2024, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days. (ECF No. 63.) In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion would be deemed as consent to have the: (a) pending motion granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's failure to comply with these rules and a court order. (Id., at 1-2 citing L.R. 110, 230(l).) Plaintiff was also informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Id. at 2.)

The thirty day period expired, and plaintiff did not respond to the Court's order.

On October 17, 2024, the Court recommended that this action be dismissed based on plaintiff's failure to prosecute this action. (ECF No. 65.) On October 23, 2024, plaintiff filed a motion for extension of time claiming, among other things, that he did not have his legal property.[1] (ECF No. 66.) On November 4, 2024, plaintiff filed objections.[2] (ECF No. 67.)

On December 19, 2024, the findings and recommendations were vacated, and the Court issued an order addressing plaintiff's allegations that he was without his legal property,[3] and

---

[1] In his motion, plaintiff states he became incapacitated by a fall in 2021, and alleges he had been subjected to multiple retaliatory transfers between prisons. (ECF No. 66 at 1-2.) In his objections, plaintiff claims he is a "paraplegic with heart conditions and paralyzed left arm," is "illiterate," with a TABE score of 8.0. (ECF No. 67 at 1.) While the Court is sympathetic to plaintiff's disabilities, the record reflects that plaintiff is articulate, his handwriting is neat and legible, and his handwritten filings are often nine pages or longer. (See, e.g., ECF Nos. 67, 74.)

[2] Meanwhile, plaintiff filed other motions unrelated to the pending motion for summary judgment or plaintiff's underlying claims against defendant Torcedo: two motions for reconsideration, and a request for relief under the Americans with Disabilities act (ECF Nos. 66, 68), and a motion for mistrial (ECF No. 74).

[3] In the December 19, 2024 order, the Court noted that despite plaintiff's claim he had been without his legal property since 2021, the record showed plaintiff remained at California Health

1  directed counsel for defendant to assist in the return of plaintiff's property if he had not yet
2  received his property.  (ECF No. 70.)  Plaintiff was granted one final, thirty-day extension of time
3  to file an opposition to the motion for summary judgment.  (ECF No. 70 at 10-11.)  Plaintiff was
4  cautioned to focus on preparing his opposition to defendant's motion for summary judgment,
5  limit his filings to his claim against defendant Torcedo, and cautioned that the Court was not
6  inclined to grant further extensions of time absent a showing of substantial cause.  (Id. at 14-15.)
7  Plaintiff was reminded that failure to file an opposition to the motion may result in the dismissal
8  of this action for failure to prosecute.  (Id. at 15, citing Fed. R. Civ. P. 41(b); L.R. 110; ECF No.
9  63.)

10      On January 2, 2025, plaintiff filed a notice stating he was in possession of his legal
11  property.  (ECF No. 73.)

12      On January 21, 2025, plaintiff filed a motion for mistrial, which he signed on January 13,
13  2025. (ECF No. 74.)  On January 27, 2025, defendant filed an opposition.  (ECF No. 75.)  On
14  February 18, 2025, the Court denied plaintiff's motion for mistrial.  (ECF No. 77.)

15      Pursuant to the December 19, 2024 extension of time, plaintiff's opposition to the motion
16  for summary judgment was due on January 18, 2025.  Since January 18, 2025 was a Saturday,
17  and Monday, January 20, 2025, was a federal holiday, plaintiff had until January 21, 2025 to file
18  his opposition.

19      As of 4:30 p.m. on February 18, 2025, no opposition by plaintiff was on the Court's
20  electronic docket.

---

Care Facility ("CHCF") until on or about October 15, 2024, when he was transferred to High Desert State Prison, and did not explain his failure to seek an extension of time or file an opposition to the pending motion for summary judgment from mid to late August 2024 through October 15, 2024, while he remained housed at CHCF.  (ECF No. 70 at 9.)  Also, plaintiff provided a copy of an emergency appeal he submitted to HDSP prison staff on October 15, 2024, the day he arrived at HDSP.  (ECF No. 66 at 5.)  Because the appeal was filed shortly before he filed his motion for extension, it was unclear if plaintiff now had possession of his legal property.  Thus, the Court directed plaintiff to notify defense counsel when plaintiff received the Court's order if plaintiff had possession of his legal property, and to file a notice with the Court within seven days. (ECF No. 70 at 10-11.)  If plaintiff still did not have his legal property, the Court asked defense counsel to work with HDSP litigation coordinator to ensure plaintiff's access to his legal property as soon as possible.  (Id.)

3

II.  STANDARDS GOVERNING DISMISSAL FOR LACK OF PROSECUTION

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

III.  DISCUSSION

In determining to recommend that this action be dismissed, the Court considered the five factors set forth above. The first two factors strongly support dismissal of this action. The action has been pending for over three years and eight months and reached the stage, set by the Court's February 27, 2024 scheduling order, for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. (ECF No. 42.) Plaintiff's failure to comply with the Local Rules and the Court's December 19, order suggests that he abandoned this action, and that further time spent by the Court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, is neutral. While plaintiff's failure to oppose the motion could delay resolution of this action and a presumption of injury arises from the unreasonable delay in prosecuting an action, Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976), plaintiff was also warned that the failure to oppose the motion could result in dismissal of the action,

which would not prejudice defendants.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction.

The fifth factor favors dismissal. The Court advised plaintiff of the requirements under the Local Rules and granted multiple extensions providing ample additional time to oppose the pending motion, all to no avail. The Court finds no suitable alternative to dismissal of this action.

Therefore, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal, and the third factor is neutral. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice based on plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 18, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/diaz0916.nop.msj.fr2

5